In the Matter of LOUIS BITTNER et al., as Surviving Directors of Manufacturers Paper Company, Respondents. ALBRECHT PAGENSTECHER, III, et al., Appellants.

First Department, February 11, 1943.

*Morton C. Fitch* of counsel (*Lawrence R. Condon* with him on the brief and attorney), for appellants.

*Louis O. Bergh* of counsel (*Francis B. Hamlin* and *John G. Turnbull* with him on the brief; *Hurd, Hamlin & Hubbell,* attorneys for Louis Bittner; *Turnbull & Bergh,* attorneys for John G. Turnbull), for respondents.

CALLAHAN, J.  The respondents are surviving directors of Manufacturers Paper Company.  That corporation was organized February 1, 1884, for a term of fifty years, so that on February 1, 1934, its charter expired by limitation of time.  No accounts having been filed for seven years after said latter date, the appellants, who are owners of a remainder interest in certain shares of capital stock, questioned the propriety of " liquidating dividends," as well as other payments made by the directors to themselves and others for legal and personal services.  Thereafter the surviving directors filed a petition in the Supreme Court, New York County, under section 106 of the Stock Corporation Law, seeking an order permitting them to render their " intermediate account " of the proceedings of the directors affecting the property and affairs of the company " from the time of the expiration of its corporate existence, namely, February 1, 1934."

Sections 105 and 106 of the Stock Corporation Law relate to the jurisdiction of the Supreme Court in the dissolution of corporations without judicial proceedings as contrasted with actions for such relief.  Section 106 provides, in part, that the Supreme Court may order " 3.  The presentation and filing of intermediate and final accounts of the directors, the hearing thereon, the allowance or disallowance thereof, and the discharge of the directors, or any of them, from their duties and liabilities.  The court may make or render such other orders or judgments in the premises as justice may require.  All orders and judgments shall be binding upon the corporation, its property and assets, its directors, stockholders, creditors and all claimants against it.  *    *    *    ."

The surviving directors filed a petition and account herein which referred to the dividend payments objected to and asserted that said directors " are satisfied that the payments complained of were proper and they desire to make a full disclosure to this court of all that has been done during the liquidation and to have this court settle their accounts."

On an examination of the accounting directors, it developed that liquidation had been considered as early as December 28, 1931, and payments of liquidating dividends began as early as April 28, 1933.  Immediately upon such discovery, demand was made by appellants for an accounting for the entire period since

December 28, 1931. The directors refused to give any additional account, and appellants moved for an order compelling them to do so. The court at Special Term denied the motion upon the ground that it was without authority to grant the application under section 106 of the Stock Corporation Law.

We hold that when an application for the settlement of an account of the present nature is made, the Supreme Court, under its general equity powers, as well as those conferred upon it by section 106 of the Stock Corporation Law, may require corporate directors to file supplemental accounts so as to include therein all financial transactions which in fact were related to a proposed dissolution. Such transactions might well be material and relevant to the question of the discharge of the accounting directors from their duties and liabilities as liquidating directors, although said transactions occurred before the date of the expiration of the corporate charter. All payments of liquidating dividends, as well as any others that were made in contemplation of dissolution, should be accounted for.

It would not follow from the ordering of such a supplemental account that the Supreme Court could, in a proceeding under section 106, take action concerning any misconduct by the directors in the management of the corporation as a going concern, such as for a violation of section 60 of the General Corporation Law. The court might, however, in a proceeding of the present nature mold its order concerning the allowance or disallowance of the final accounts, and the discharge of the surviving directors, in accordance with the entire situation disclosed.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted so as to require supplemental account of all disbursements of corporate funds in contemplation of dissolution made after December 28, 1931.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted so as to require supplemental account of all disbursements of corporate funds in contemplation of dissolution made after December 28, 1931. Settle order on notice.